# Mertins *v.* Hubbell Publishing Co.

*Assumpsit.*

(Decided April 11, 1912.  58 South. 679.)

1. *Discovery; Interrogatories; Right to.*—Where plaintiff joined issue on defendant's pleas setting up that plaintiff was a foreign corporation, and had failed to comply with the law governing the right to do business in this state, the defendant was entitled to have answers to interrogatories calling for evidence in support of the pleas, and if the plea was proven by such answers or otherwise, plaintiff was not entitled to a judgment, although the pleas presented immaterial matter.

2. *Appeal and Error; Harmless Error; Evidence.*—Where defendant's pleas were supported by admissions made by plaintiff during the trial, the defendant was not prejudiced by a refusal to require plaintiff to answer interrogatories supporting such pleas

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by the Hubbell Publishing Company against Gustave F. Mertins for breach of contract and for an account. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The defendant filed several pleas setting up that plaintiff was a foreign corporation doing business in the State of Alabama without having filed with the Secretary of State the necessary papers required in order for it to do business within the State. Defendant also filed interrogatories to the plaintiff requiring its answers touching the allegations in its pleas, which, not being satisfactorily answered, the defendant moves for a judgment or that a nonsuit be entered, which motion was overruled. By its answer to some of the interrogatories, plaintiff admitted several of the allegations of the pleas. The other facts sufficiently appear in the opinion.

[Mertins v. Hubbell Publishing Co.]

PHILLIP H. STERN, and GUSTAVE F. MERTINS, for appellant. The plaintiff joined issue on the pleas and the allegations of the pleas thereby became very pertinent, although the pleas might have presented an immaterial issue, and hence defendant was entitled to have answers to his interrogatories.—*Bromberg v. Bates,* 98 Ala. 627; *Farrier v. N. E. M. Co.,* 88 Ala. 275; *Ala. W. R. R. Co. v. Talley-Bates Co.,* 50 South. 341. Proof of the pleas would have entitled the defendant to a verdict, although they presented immaterial issues.—*Sloss-S. S. & L. Co., v. Vinzant,* 153 Ala. 212; *Rasco v. Jefferson,* 142 Ala. 705.

BALL & SAMFORD, and FRANK STOLLENWERCK, for appellee. The facts set up in the pleas did not show a doing of business by a foreign corporation in this state.— *Ware v. Hamilton-B. S. Co.,* 92 Ala. 145; *Cook v. Rome B. Co.,* 98 Ala. 409; *Cuberson v. A. T. & B. Co.,* 107 Ala. 457; *Beard v. N. & A. P. Co.,* 71 Ala. 60. The institution of the suit was not the doing of business.—*Cook v. Rome B. Co., supra; Christian v. Mortgage Co.,* 89 Ala. 188; *McCall v. So. Mtg. Co.,* 99 Ala. 427. On these authorities, it is submitted that the questions called for by the interrogatories were impertinent and immaterial, and the court was not in error in declining to require an answer thereto.

WALKER, P. J.—Several of the pleas presented an issue as to the plaintiff's being a foreign corporation which had not complied with the conditions prescribed by law to entitle it to do business in this state. We are unable to discover the materiality of the issues so tendered, as no pleading in the case indicated in any way that the contract sued on was an Alabama contract, or that the plaintiff had ever engaged in or transacted any.

business in this state. But the plaintiff, after its demurrers to those pleas had been overruled, joined issue on them, thus making their allegations the subject of proof in the case and its right of recovery dependent upon those allegations not being proved. In this situation the defendant was entitled to answers from the plaintiff to interrogatories to it calling for testimony which would tend to support the averments of any plea upon which issue was joined, and, if any plea was proved by such answers or otherwise, the plaintiff could not properly have judgment in its favor.

In the course of the trial the plaintiff made admissions which fully supported some of the pleas referred to. In the face of these admissions the appellant cannot well support a claim that he was prejudiced by the refusal of the court to require the appellee by answers to interrogatories to furnish evidence in support of the pleas. But the plaintiff could not have been entitled to recover after joining issue on pleas in bar and admitting the truth of their averments. A repleader should be awarded to the end that there may be a trial of the case on its merits.

Reversed and remanded.